UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Zakii Tawwab Wahiid, | Civil No. 15-622 (ADM/FLN) |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| Dr. E. Wakeman et al., | |
| Defendants. | |

Zakii Tawwab Wahiid, *pro se*, for Plaintiff.
Bahram Samie, Assistant United States Attorney, for Defendants.

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendants' motion to dismiss Plaintiff's complaint (ECF No. 24), Plaintiff's motion for reconsideration to Defendants' motion to dismiss (ECF No. 33), and Plaintiff's motion to amend the complaint (ECF No. 23). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that both Defendants' motion to dismiss and Plaintiff's motion for reconsideration be **DENIED without prejudice**. The Court also orders that Plaintiff's motion to amend the complaint is **DENIED without prejudice**.

Plaintiff Zakii Tawwab Wahiid filed this prisoner civil rights lawsuit against Bureau of Prisons ("BOP") psychologist Dr. E. Wakeman, BOP Unit Manager M. Haugen, the BOP Mid-Atlantic Regional Office, and the BOP Director. Comp., ECF No. 1. Plaintiff alleges that he was deprived of his constitutional rights after an incident report was filed that accused him of making a sexual proposal or threat. *Id.* at 7.

On August 28, 2015, Plaintiff filed a motion for leave to file an amended complaint,

requesting an amendment in order to attach a certificate of service to his complaint. ECF No. 23. That same day, Defendants filed a motion to dismiss. ECF No. 24. On October 19, 2015, Plaintiff filed a self-stylized motion "for reconsideration to defendants' motion to dismiss." ECF No. 33. The Court interprets this as Plaintiff's memorandum in opposition to Defendants' motion to dismiss.

On November 23, 2015, the Court received a letter from Defendants' counsel, informing the Court that Plaintiff died while in BOP custody on Friday, November 6, 2015. ECF No. 44. Rule 25(a)(1) of the Federal Rules of Civil Procedure states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Courts have interpreted Rule 25 to require a two-step process. First, a party must formally suggest the death of the party upon the record. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Second, the suggesting party must serve nonparty successors or representatives of the decedent with a suggestion of death in the manner prescribed by Rule 4. *Id.*; *see also* Fed. R. Civ. P. 25(a)(3).

Defendants must comply with Federal Rule of Civil Procedure 25(a). If the successors or representatives of Plaintiff do not make a motion for substitution within 90 days of being served with a formal statement noting Plaintiff's death, the Court will recommend that the action be dismissed. Accordingly, Plaintiff's motion to amend is denied without prejudice, and the Court recommends that Defendants' pending motion to dismiss also be denied without prejudice. If the Court orders substitution, the parties may renew their respective motions. The Court additionally recommends that this case be stayed until the issues that arise under Rule 25(a) are resolved.

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that:

1. Defendants' motion to dismiss (ECF No. 24) be **DENIED without prejudice**;

2. Plaintiff's motion for reconsideration to defendants' motion to dismiss (ECF No. 33) be **DENIED without prejudice**; and

3. This case be **STAYED** until the issues that arise under Rule 25(a) are resolved.

It is additionally **ORDERED** that Plaintiff's motion to amend the complaint (ECF No. 23) is **DENIED without prejudice**.

DATED: November 24, 2015                              s/Franklin L. Noel
                                                     FRANKLIN L. NOEL
                                                     United States Magistrate Judge

## NOTICE:

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.